Filed 4/27/21  P. v. Harbin CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JERRY L. HARBIN, JR.,<br><br>        Defendant and Appellant. | A161289<br><br>(Alameda County<br>Super. Ct. No. 604145B) |

Jerry Harbin was convicted of voluntary manslaughter following a plea. The Legislature subsequently enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437), which altered liability for murder under the theories of felony murder and natural and probable consequences.  The bill also established a procedure, under newly enacted Penal Code[1] section 1170.95, for eligible defendants to petition for recall and resentencing. Harbin filed a petition for relief, and the trial court denied it on the basis that section 1170.95 does not apply to defendants convicted of voluntary manslaughter.

Harbin appealed from the order denying his section 1170.95 petition, and his appellate counsel filed a brief asking this court to conduct an independent review of the record for arguable issues.  Harbin was informed

_____

[1] All further statutory references are to the Penal Code.

1

he could file a supplemental brief but did not do so. We agree with the trial court that section 1170.95 does not afford relief to defendants convicted of voluntary manslaughter, and we therefore affirm.

## I.
### BACKGROUND

In 2015, Chyemil Pierce was killed in the crossfire between two groups of men, including Harbin.[2] Harbin did not fire the shot that killed her. He and several other participants were charged with murder, and a jury trial occurred in 2017.[3] The jury convicted Harbin of possession of a firearm by a felon but deadlocked on the murder charge, and he pleaded no contest to voluntary manslaughter and other crimes.[4] He was sentenced to 13 years in prison.

In February 2019, shortly after Senate Bill No. 1437 took effect, Harbin filed a petition averring he was entitled to relief under section 1170.95 and requesting counsel. The trial court appointed counsel and ordered the prosecution to file a response to the petition. In its response, the prosecution argued that Harbin was ineligible for relief because he "was convicted of manslaughter, not murder."

---

[2] Some of the facts in this section are taken from the probation report.

[3] We previously affirmed judgments against the three other men with whom Harbin was tried, Alex Davis, Michael Stills, Jr., and Anthony Sims. (*People v. Sims* (Sept. 4, 2020, A155339) [nonpub. opn.]; *People v. Davis* (Mar. 27, 2019, A152259, A153136) [nonpub. opn.].) The direct appeal of Shelton McDaniels, another co-defendant who was tried separately, is currently pending in this division. (*People v. McDaniels*, A158181.) Certain procedural facts in this section are drawn from the *Davis* opinion.

[4] Harbin pleaded no contest to voluntary manslaughter under section 192, subdivision (a), with an accompanying enhancement for personal use of a firearm under section 12022.5, subdivision (a). He was also convicted of possession of a firearm by a felon under section 29800, subdivision (a)(1), and pleaded no contest to other charges arising from his arrest.

At an October 2020 hearing on the petition, Harbin's attorney stated he had discussed with Harbin the appellate decisions addressing whether section 1170.95 applies to those convicted of voluntary manslaughter and "decided not to file any additional papers given the state of the law as it is right now." Harbin, who was present, offered his interpretation of section 1170.95 as covering convictions after a plea to manslaughter, but the court disagreed and denied the petition on the basis he was not convicted of first or second degree murder.

## II.
### DISCUSSION

A defendant appealing from the denial of a section 1170.95 petition is not entitled to an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Rather, as numerous "federal and California opinions have repeatedly and consistently held[,] . . . an appellate court's obligation to conduct an independent review of the record only applies when appointed counsel raises no arguable issues in a criminal defendant's *first appeal as a matter of right*." (*People v. Flores* (2020) 54 Cal.App.5th 266, 271.)

Accordingly, instead of seeking *Wende* review, Harbin's appellate counsel contends that this court "*should* conduct an independent review of the record for arguable issues" under *Flores*. *Flores* determined that, in the interests of justice, "an appellate court can and should independently review the record on appeal when an indigent defendant's appointed counsel has filed a *Wende* brief in a postjudgment appeal from a summary denial of a section 1170.95 petition." (*People v. Flores*, *supra*, 54 Cal.App.5th at pp. 273–274; accord *People v. Gallo* (2020) 57 Cal.App.5th 594, 599.) Other decisions, however, have declined to conduct an independent review as a matter of course. Rather, they have concluded that if counsel files a no-issues brief, the

3

better procedure is to provide an opportunity to file a supplemental brief and, if the defendant does not do so, dismiss the appeal as abandoned without conducting an independent review. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, review granted Oct. 14, 2020, S264278; accord *People v. Figueras* (2021) 61 Cal.App.5th 108, 112–113; *People v. Scott* (2020) 58 Cal.App.5th 1127, 1129–1130, review granted Mar. 17, 2021, S266853.)[5]

Here, we have reviewed the record and conclude that no arguable issues exist. Harbin is ineligible for relief as a matter of law because, as numerous decisions have held, a person convicted of voluntary manslaughter is not entitled to relief under section 1170.95's plain terms. (E.g., *People v. Paige* (2020) 51 Cal.App.5th 194, 197–198, 202; *People v. Sanchez* (2020) 48 Cal.App.5th 914, 916; *People v. Cervantes* (2020) 44 Cal.App.5th 884, 887.) Thus, any error that could have occurred in the petition's denial was harmless.

## III.
### DISPOSITION

The October 1, 2020 order denying Harbin's section 1170.95 petition is affirmed.

---

[5] After the Supreme Court granted review on a different issue in *People v. Cole*, *supra*, 52 Cal.App.5th 1023, it granted review in another case to consider what procedures apply when appellate counsel determines that an appeal from an order denying postconviction relief lacks merit. (*People v. Delgadillo* (Nov. 18, 2020, B304441) [nonpub. opn.], review granted Feb. 17, 2021, S266305.) In *People v. Scott, supra*, 58 Cal.App.5th 1127, review on this issue was granted and held for *Delgadillo*.

4

_____

Humes, P.J.

WE CONCUR:


_____

Banke, J.



_____

Sanchez, J.




*People v. Harbin*  A161289

5